# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ANGELA FAVORS-MORRELL,      *

    Plaintiff,      *

v.      *      CV 215-19

UNITED STATES      *

    Defendant.      *

## ORDER

Pro se Plaintiff Angela Favors-Morrell seeks an "emergency injunction" to prevent the sale of items stored in Canal Road Self Storage, located at 700 Canal Road in Brunswick, Georgia. Plaintiff asserts that the units "contain property and documents used as evidence for the legal actions filed and items and VA medical records of Mr. Tony Morrell." Plaintiff states that she and Tony Morrell are homeless, there has been no authorization for a change of venue, and she and Tony Morrell "were forced to put all items in storage." Dkt. No. 1.

Construing the pro se Plaintiff's motion liberally, Plaintiff's "Petition for Emergency Injunction" seeks a temporary restraining order. To obtain a temporary restraining order, a party must demonstrate

> (1) [that there is] a substantial likelihood of success on the merits; (2) that irreparable injury

will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

"[A] court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1); see also United States v. Kaley, 579 F.3d 1246, 1263-64 (11th Cir. 2009)(Tjoflat, J., specially concurring)(reiterating this requirement). Defendants have not yet been served with process in this case, and the required notice has not been given. Accordingly, Plaintiff's request for a preliminary injunction must be denied.

"In extraordinary situations, Rule 65 . . . provides an exception to the general rule of prior notice and a hearing." Kaley, 579 F.3d at 1264. A court may issue a temporary restraining order without notice, but only if Plaintiff meets the requirements of Rule 65(b)(1).

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

AO 72A
(Rev. 8/82)

Fed. R. Civ. P. 65(b)(1).

The Court declines to issue a temporary restraining order at this time because Plaintiff has not submitted a verified complaint or affidavit containing specific facts showing that immediate and irreparable injury, loss, or damages will result. See Fed. R. Civ. P. 65(b)(1)(A). Nor has Plaintiff certified in writing any efforts made to give notice to Defendants or the reasons why the Court should proceed without notice to Defendants. See Fed. R. Civ. P. 65(b)(1)(B). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process. Although the Court must construe [Plaintiff's] pro se pleadings liberally, that does not excuse [her] from compliance with substantive law and procedural rules." Ferguson v. Aurora Loan Servs., No. CV410-174, 2010 WL 4286194, at *1 (S.D. Ga. Oct. 22, 2010)(internal citations omitted)(denying plaintiff's motion for temporary injunction without notice because of plaintiff's failure to comply with either component of Rule 65(b)(1)).

Plaintiff's Petition for Emergency Injunction is hereby **DENIED**.

**SO ORDERED**, this 18TH day of February, 2015.

                                    _____
                                    LISA GODBEY WOOD, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA