# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ANGELA FAVORS-MORRELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 215-19 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant United States of America ("Defendant"). Dkt. No. 8.[1] Pro se Plaintiff Angela Favors-Morrell ("Plaintiff") has not responded in opposition to this Motion. For the reasons set forth herein, the Court finds that subject-matter jurisdiction is lacking and, therefore, **GRANTS** Defendant's Motion to Dismiss (dkt. no. 8) on this basis.

## BACKGROUND

On February 17, 2015, Plaintiff filed a Petition for Emergency Injunction to Prevent Sale of Property (the "Petition") in this Court. Dkt. No. 1. Plaintiff's allegations in the Petition—of which there are few—include the following:

---

[1] The docket sheet lists "United States" as a party-Defendant in this case. As the proper name of this party is "United States of America," the Clerk of Court is **DIRECTED** to update the docket to reflect this designation.

(1) that she and Tony Morrell ("Morrell") are homeless; (2) that the two keep certain personal items in storage units at Canal Road Self Storage in Brunswick, Georgia; and (3) that their storage units "contain property and documents . . . used as evidence for the legal actions filed and items and VA medical records of . . . Morrell." Id. Plaintiff requested that the Court grant an emergency injunction prior to 5:00 PM on the date of her Petition, to prevent the sale of the items in their storage units. Id.

In an Order dated February 18, 2015, the Court denied Plaintiff's Petition insofar as it sought the entry of a temporary restraining order without having provided prior notice to Defendant. Dkt. No. 5. Defendant subsequently received service of the Petition, dkt. no. 7, and filed the instant Motion seeking to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim on April 1, 2015, dkt. no. 8. In support of its Motion, Defendant submitted an Affidavit of Mark Bearden ("Bearden"), the owner and operator of Canal Road Self Storage. Dkt. No. 8, Ex. A.

The Bearden Affidavit states, in pertinent part, as follows:

> 3. [Plaintiff] failed to make rental payments on [the storage] units as required by her lease agreement.
>
> 4. [Plaintiff] was notified via certified mail, regular mail, publication in the local newspaper

and . . . telephone contact of the deficiency and that
her items would be auctioned at public auction on
February 18, 2015. . . . . .

. . . .

6. A public auction was held on February 18, 2015[,]
at which time all units were sold.

7. As a courtesy to [Plaintiff], a majority of her
personal items (i.e., pictures, papers, [B]ibles and
clergy garments, clothing and numerous other assorted
items) were donated back to [her].

8. [Plaintiff] collected those items over the course
of several days after the auction from Canal Road Self
Storage.

9. Canal Road Self Storage is not aware of any
personal items of [Plaintiff] being located at this
facility.

Id. at ¶¶ 3-4, 6-9.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain both "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Accordingly, a responding party may move to dismiss the complaint based on a "lack of subject-matter jurisdiction" or a "failure to state a claim upon which relief can be granted," under Federal Rule of Civil Procedure 12(b)(1) and (6), respectively ("Rule 12(b)(1)" and "Rule 12(b)(6)"). In addition, Federal Rule of Civil Procedure 12(h)(3) ("Rule 12(h)(3)") provides that a district

court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

I. **Rule 12(b)(1) Motion to Dismiss**

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) "can be asserted on either facial or factual grounds." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). A "facial" challenge to subject-matter jurisdiction is based "solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." Id.

By contrast, a "factual" challenge to jurisdiction relies on facts and circumstances existing outside of the complaint; in those circumstances, a court "may consider extrinsic evidence such as deposition testimony and affidavits." Id. In other words, "[b]ecause at issue in a factual [Rule] 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," without attaching any presumptive truthfulness to the plaintiff's allegations. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).

4

Here, Defendant attacks subject-matter jurisdiction based not only on the factual allegations on the face of Plaintiff's Petition, but also on facts found in Bearden's Affidavit. See, e.g., Dkt. No. 8, p. 4 & Ex. A. As this document is neither included in nor attached to the Petition, Defendant's challenge relies on facts existing outside of the Petition and, therefore, is factual in nature. Thus, in evaluating subject-matter jurisdiction in this case, the Court must consider and weigh this extrinsic evidence and need not accept Plaintiff's factual contentions as true.

## II. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint in setting forth a claim to relief. See Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (interpreting Fed. R. Civ. P. 8(a)(2)). To be plausible on its face, a complaint must set forth enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements

5

necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

In evaluating a Rule 12(b)(6) motion, a court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Ordinarily, a court's review on a motion to dismiss is limited to the factual allegations on the face of the complaint. See Iqbal, 556 U.S. at 678. If a court is presented with matters outside the pleadings on a motion to dismiss, the motion to dismiss is converted into one for summary judgment. Fed. R. Civ. P. 12(d). As Defendant relies on the Bearden Affidavit in support of its Motion under Rule 12(b)(1), not Rule 12(b)(6), see dkt. no. 8, pp. 3-6, the presence of the Affidavit neither transforms the nature of the Motion nor alters the analysis at this stage.

### DISCUSSION

Defendant moves the Court to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) for two reasons. Dkt. No. 8, pp. 3-5. First, Defendant argues that Plaintiff does not establish that she has standing to pursue any claim against Defendant. Id. at p. 4. Second, Defendant asserts that

6

whatever controversy may have existed based on the sale of Plaintiff's property is now moot. Id. at pp. 4-5. Defendant further contends that dismissal is appropriate under Rule 12(b)(6), because Plaintiff's Petition does not contain any substantive claim for relief, much less one that is plausible on its face. See id. at pp. 5-6.

Under Article III of the United States Constitution, federal-court jurisdiction extends only to actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Rooted in Article III's case or controversy requirement is the doctrine of standing. McGee v. Solicitor Gen. of Richmond Cty., 727 F.3d 1322, 1326 (11th Cir. 2013) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). Standing requires that a plaintiff, at the time of filing suit, have "a 'personal stake' in the outcome of the litigation." Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987).

As the party seeking to invoke federal jurisdiction, the plaintiff bears the burden of establishing standing. See Bischoff v. Osceola Cty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). To do so, the plaintiff must satisfy three requirements: First, she must demonstrate that she has suffered an injury in fact—meaning an invasion of a legally protected interest that is both "concrete and particularized" and "actual

7

or imminent" rather than "'conjectural' or 'hypothetical.'" Bochese, 405 F.3d at 980 (quoting Dillard v. Baldwin Cty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)). Second, the plaintiff must prove a causal connection between that injury and the challenged conduct of the defendant, which requires that the injury be "fairly traceable" to the conduct. Id. (quoting Dillard, 225 F.3d at 1275). Third, and finally, the plaintiff must show that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. (quoting Dillard, 225 F.3d at 1275).

In the case at bar, Plaintiff lacks standing to bring any claim for relief against Defendant. Even assuming, arguendo, that the auction of the items in Plaintiff's storage unit constitutes an injury in fact, the Petition does not plausibly suggest that such injury was caused in any way by the conduct of Defendant. Plaintiff does not allege that Defendant has any ownership or control over Canal Road Self Storage or has taken any action with respect to Plaintiff's storage units or the property therein at any time. See Dkt. No. 1. Nor can Plaintiff do so, as the Bearden Affidavit shows that it is Bearden, not Defendant, who owns and operates the private storage-unit facility. Dkt. No. 8, Ex. A. The Affidavit further demonstrates that it was Canal Road Self Storage, as opposed to Defendant, who notified Plaintiff of her delinquent

8

rental payments and the impending auction—and ultimately sold or returned her items. See id. at Ex. A, ¶¶ 4, 6-9.

At most, the Petition alleges that Plaintiff's records relating to the ongoing litigation of another case against Defendant might have been located in the storage units. See Dkt. No. 1 (the storage units "contain property and documents . . . used as evidence for the legal actions filed and items and VA medical records of . . . Morrell"). This allegation stops far short of plausibly demonstrating that Defendant took any action with regard to those documents—or any other property in Plaintiff's storage units—at any time. As Plaintiff fails to plead any injury traceable to Defendant with respect to the sale of her stored property, Plaintiff lacks standing to pursue any claims against Defendant based on that event.

Plaintiff's lack of standing, by itself, is sufficient to warrant a dismissal for lack of subject-matter jurisdiction. Accordingly, the Court need not reach Defendant's mootness argument or its challenge pursuant to Rule 12(b)(6). Defendant's Motion to Dismiss Plaintiff's Petition on the jurisdictional ground of standing is **GRANTED**.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (dkt. no. 8) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED** for

lack of subject-matter jurisdiction. The Clerk of Court is hereby **DIRECTED** to enter the appropriate judgment of dismissal and to close this case.

**SO ORDERED**, this 31ST day of March, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)